WILLIAMS, Judge.
This case arises from an intersectional collision. The jury rendered a verdict finding the plaintiff to be 40% negligent and the defendant to be 60% negligent. Plaintiff’s award was reduced accordingly. Plaintiff appeals. We have reviewed the evidence presented at trial and affirm the decision below.
The accident occurred on the morning of May 9, 1983, at the intersection of Milan and Prytania Streets in New Orleans. Pry-tania Street has two travel lanes; one for traffic going downtown (east) and one for traffic going uptown (west). Additionally, there is a parking lane on each side of Prytania. Milan intersects Prytania. The intersection is controlled by a stop sign. Prytania is the favored street.
*660 The plaintiff, Juanyla Hutcheson, was driving on Prytania toward downtown when she collided with a vehicle driven by the defendant, Walter Mulchin. Mulchin was driving toward the lake on Milan Street.
At trial, Mulchin testified that he had stopped at the corner of Milan and Pryta-nia. He stated that before he began to proceed across Prytania, he assessed the traffic situation on Prytania. He noted oncoming traffic from his right proceeding uptown; however, his view of the traffic headed downtown was blocked by a truck parked on Prytania. Mulchin stated that he decided to cautiously enter Prytania Street and edged his car forward into the downtown bound lane of Prytania. Mul-chin testified that he stopped his car close to the center line which divides the traffic lanes on Prytania. Mulchin described the subsequent events as follows:
I saw this white car coming in that lane toward me. And then my first thought was is she going to stop and I looked at her face and she was not really looking at the lane of traffic, she was talking to the passenger. I realized then that I was going to be in an accident and I was trying to prepare myself because I was going to be hit broadside and I’ve never been in an accident like that... .and just before the impact she turned and noticed me and had a surprised look on her face as we made impact.
Nita Fran Braswell, plaintiffs sister and a passenger in plaintiff’s car at the time of the accident, testified that Hutcheson’s vehicle was travelling towards downtown when Mulchin’s car suddenly appeared from Milan. She testified that Hutcheson swerved to the left and braked in order to avoid the accident, however, her evasive actions were to no avail. The Hutcheson vehicle struck the Mulchin vehicle.
Upon cross-examination, defense counsel reminded Braswell of deposition testimony wherein she stated that the Mulchin car was stopped in the east-bound lane of traffic. Braswell stated that she did not recall seeing the car. Further, she testified that after the accident she noticed that the Mul-chin vehicle was not across the center line on Prytania.
The plaintiff also testified regarding the accident. She stated that she was travel-ling east-bound on Prytania approaching the corner of Milan when a car entered her lane of travel approximately one to one and one half car lengths in front of her. Hutcheson said that although she tried to avoid impact, there was nothing she could do. She hit Mulchin’s vehicle directly in the middle of the driver’s side of his car.
Upon cross examination, Hutcheson stated that the Mulchin vehicle was stopped or stopping when she first saw it. She stated that the Mulchin vehicle was close to the center line at the time of impact.
The balance of the testimony taken at trial centered on damages Hutcheson sustained as a result of the accident. In support of her claims, the trial court received testimony from a vocational counselor, an economics expert and the treating physician.
An appellate court will not disturb the findings of a trial court, including the apportionment of fault, absent manifest error. It is the jury’s function to assess the evidence before it. The trier of fact is in the best position to assess the credibility of the witnesses and the appellate court must give deference to those determinations.
The jury’s determination that the plaintiff was comparatively negligent was apparently based upon a recognition that although plaintiff was travelling on a favored street she was not relieved of her duty to exercise ordinary care. We have reviewed the record and find a sufficient basis for the jury’s findings of liability, including the apportionment of fault, and we will not disturb that determination. Additionally, we have considered the damages sustained and the amount awarded and find these proper in light of the evidence.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.